UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICE ROSS,<br><br>           Plaintiff,<br><br>      v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>           Defendant. | Case No. 1:26-cv-00647-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND<br><br>(Docs. 10, 11, 14)<br><br>**14-Day Deadline** |

Plaintiff Patrice Ross initiated this action with the filing of a complaint in state court on September 25, 2025, against Defendant Nissan North America, Inc. ("Nissan"). (Doc. 1-1). Defendant Nissan removed the action on January 26, 2026. (Doc. 1). Pending before the Court is Plaintiff's motions for leave to file a first amended complaint and to remand this action to state court. (Docs. 10, 11, 14).

**Background**

Plaintiff filed the motion to amend the complaint on February 26, 2026. (Doc. 10). The accompanying declaration of counsel Christopher N. Danna purports to include certain exhibits, which are not attached to the motion or declaration. *See id.* That same day, Plaintiff re-filed the same motion and declaration with the exhibits attached, titled "motion to remand." (Doc. 11). Plaintiff then filed a third motion, also titled "motion to remand," on April 21, 2026, with a hearing date set on the same day as the scheduling conference. (Doc. 14). This motion seeks relief identical

to the prior motions and attaches an identical proposed first amended complaint ("FAC") and accompanying redlines. *Compare* (Doc. 11, Exs. A, B) *with* (Doc. 14, Exs. A, B). Thus, the Court will address the most recent filed such motion.

In the motion, Plaintiff asserts that the proposed first amended complaint ("FAC") adds as a defendant North Bakersfield Nissan, Inc. Plaintiff represents that North Bakersfield Nissan, Inc., is an authorized repair facility of Defendant Nissan. (Doc. 14 at 3). Plaintiff states that she met and conferred with Defendant Nissan's counsel via telephone on February 25, 2026, regarding the motion, but was "unable to reach Defendant's counsel to discuss a stipulation to the filing of a [FAC], or having the case remanded to state court, and thus, this motion is necessary." *Id.* at 4. Plaintiff asserts remand is appropriate upon granting of the motion to amend due to addition of a non-diverse party. *Id.* at 4.

Accompanying the motion is the declaration of counsel for Plaintiff Christopher N. Danna. *Id.* at 6. Mr. Danna represents that he called Defendant's counsel on February 25, 2026, in an attempt to meet and confer regarding the motion and was unable to reach Defendant's counsel and did not receive a call back. *Id.* at 6 ¶ 5. Plaintiff attaches to the declaration the proposed FAC (Doc. 14, Ex. A) and a redline comparison with the original complaint (*id.*, Ex. B).

On April 30, 2026, Defendant Nissan filed a notice of non-opposition to Plaintiff's motion to remand. (Doc. 15).

**Governing Law**

Rule 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977,

979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors in assessing whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). However, where, as here, amendment would include adding a diversity-destroying defendant, the standard for determining whether to allow post-removal joinder is set forth in 28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court …" *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

In assessing whether to grant leave to amend to add non-diverse defendants, courts ordinarily consider six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Id.* (citation omitted). The *Nunes* factors are used by courts to determine allowance of amendment generally and, though there is overlap between the *Nunes* factors and the *IBC* factors, courts use the latter factors to more closely scrutinize amendment when the proposed amendment will defeat diversity jurisdiction. *Id.*

**Discussion**

In brief, Plaintiff asserts that, on or about December 18, 2023, she purchased a 2023 Nissan Rogue vehicle (the "Subject Vehicle") from Nissan of Bakersfield, Inc. ("NB Nissan"),[1] in

---

[1] Plaintiff's FAC alleges that North Bakersfield Nissan, Inc., does business as Nissan of Bakersfield.

Bakersfield, California.  NB Nissan is an authorized agent, dealer, and repair facility of Defendant Nissan.  Shortly after her purchase, the Subject Vehicle began exhibiting numerous defects.  The Subject Vehicle was brought to the NB Nissan location on at least five occasions but the defects were not fully remedied and, therefore, the Subject Vehicle is "subject to repurchase under California's Song-Beverly Consumer Warranty Act …" (Doc. 14 at 3).

The original complaint included one cause of action, for violation of the California Song-Beverly Consumer Warranty Act ("the Song-Beverly Act").  *See* (Doc. 1-1).  The proposed FAC includes three causes of action: (1) breach of implied warranty under the Song-Beverly Act regarding failure to make restitution or replace the Subject Vehicle, asserted against Defendant Nissan only (*see* Doc. 14 at 17-19); (2) beach of implied warranty under the Act regarding merchantability, asserted against all Defendants (*id.* at 20-21); and (3) negligence, asserted against all Defendants (*id.* at 21-22).

Plaintiff does not address or acknowledge the *IBC* factors in the motion.  *See* (Doc. 14).  The Court addresses the relevant *IBC* factors below.

**A.     Federal Rule of Civil Procedure 19(a)**

"In determining whether to permit joinder of a non-diverse party after removal, the court considers whether the added party would meet Rule 19's standard for a necessary party."  *Chavolla v. Darling Ingredients Inc.*, No. 2:25-cv-01031-DAD-SCR, 2025 WL 3771349, at *4 (E.D. Cal. Dec. 31, 2025).  A necessary party has "an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy … by adjusting all the rights involved in it." *CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991).  "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief."  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002) (citing *IBC*, 125. F Supp. 2d at 1012).

Plaintiff argues that NB Nissan is the "proper corporate entity that owned and/or operated the authorized dealership where the Subject Vehicle was bought and/or serviced," having identified

---

(Doc. 14 at 8).

4

NB Nissan after the filing and removal of this action. (Doc. 14 at 3). In the proposed FAC, Plaintiff alleges that NB Nissan is a California corporation and an authorized dealer of Defendant Nissan. (Doc. 14 at 8-9). NB Nissan is asserted to be Nissan's "authorized and actual agent regarding repairs and maintenance of the Subject Vehicle" and where Plaintiff purchased the Subject Vehicle and took it for repairs. *Id.* at 3, 10.

In the proposed FAC, Plaintiff advances both the second and third causes of action against Defendant Nissan and NB Nissan. In light of Plaintiff's representations and Defendant Nissan's non-opposition, the Court finds that this factor weighs in favor of joinder. *See Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *5 (E.D. Cal. Dec. 8, 2020) ("Here, the court finds that plaintiff asserts a facially valid negligent repair claim against [auto service center] in his proposed amended complaint. The court also agrees that if it denied joinder of [auto service center] in this action, plaintiff's pursuit of a separate action against [auto service center] in state court would be redundant.").

B. **Statute of Limitations**

The statute of limitations for claims brought under the Song-Beverly Act is four years. *See Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-cv-04987-BLF, 2017 WL 403495, at *3 (N.D. Cal. Jan. 31, 2017); Cal. Com. Code § 2725. As Plaintiff purchased the Subject Vehicle on December 18, 2023, the statute of limitations would not bar a new action in state court. Thus, this factor weighs against permitting joinder of NB Nissan. *See Reyes*, 2020 WL 7224286, at *10 (finding that statute limitations under Song-Beverly Act would not bar new action in state court against auto service center weighed against joinder).

C. **Timeliness**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). "There are no well-developed guidelines for evaluating [] timeliness" but courts generally "find delays of over six months after removal to be untimely." However, "even in cases of considerable delays, courts do not give this factor much weight if the case is in its early stages and the delay does not appear to be prejudicial." *Lara v. Bandit Indus., Inc.*, No. 2:12-cv-

02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (citation and quotation omitted).

Here, the case has not yet been scheduled and discovery has not opened. No other motions have been filed. Plaintiff filed her original complaint in state court on September 25, 2025, naming Defendant Nissan and "Doe" Defendants one through ten; Defendant Nissan filed an answer on November 6, 2025. (Docs. 1-1, 1-2). On January 26, 2026, Defendant Nissan removed the action. (Doc. 1). Plaintiff filed her initial motion to amend the complaint on February 26, 2026. (Docs. 10, 11). Thus, Plaintiff filed her motion 31 days after removal of the action, 112 days after Defendant Nissan filed an answer, and 154 days after filing the original complaint.

Thus, as the case has not been scheduled and only a relatively short amount of time has passed since the action was initiated, the Court finds this factor weighs in favor of amendment. *See Reyes*, 2020 WL 7224286, at *6 ("Here, plaintiff filed his motion for leave to amend his complaint on July 16, 2020, which was 77 days after he filed his original complaint, just 37 days after defendant answered plaintiff's original complaint, 34 days after defendant removed this action, and 30 days after defendant served notice of removal.").

### D.  Whether Joinder Is Intended to Defeat Federal Jurisdiction

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* However, "[s]uspicion of diversity destroying amendments is not as important now that 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC*, 125 F. Supp. 2d at 1012.

Here, though "one could justifiably suspect that Plaintiffs' [m]otion was caused by the removal rather than evolution of the case," the fact that Plaintiff seeks to add a non-diverse defendant after removal does not, by itself, warrant impute of an improper motive to Plaintiff. "Because the Court does not construe Plaintiffs' preference for state court any more negatively than Defendants' preference for federal court, this factor is neutral or weighs in favor of granting

6

Plaintiffs' Motion." *Bandit Indus., Inc.*, 2013 WL 1155523, at *4; *see Sandhu*, 2017 WL 403495, at *3 ("While the circumstances in this case suggest that one of Plaintiff's motivations is to defeat jurisdiction, it is not readily apparent that it is the sole motivation, particularly because there is a seemingly valid claim against [auto dealer], as explained below.").

> **E.      Whether the Claims Against the New Defendant Appear Valid**

"To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility." *Dordoni v. FCA US LLC*, No. EDCV 20-1475 JGB (SHKx), 2020 WL 6082132, at *5 (C.D. Cal. Oct. 15, 2020). A court "need only determine whether the claim 'seems' valid." *Freeman v. Cardinal Health Pharmacy Servs., LLC*, No. 2:14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015) (citing *IBC*, 125 F. Supp. 2d at 1012-13).

In the FAC, Plaintiff alleges breach of an implied warranty of merchantability and negligence against both Defendant Nissan and NB Nissan. "Under the Song–Beverly Act, every retail sale of 'consumer goods' in California includes an implied warranty by the manufacturer and the retail seller that the goods are 'merchantable' unless the goods are expressly sold 'as is' or 'with all faults.' Merchantability, for purposes of the Song–Beverly Act, means that the consumer goods: (1) Pass without objection in the trade under the contract description. (2) Are fit for the ordinary purposes for which such goods are used. (3) Are adequately contained, packaged, and labeled. (4) Conform to the promises or affirmations of fact made on the container or label. The core test of merchantability is fitness for the ordinary purpose for which such goods are used." *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303 (2009) (citations and quotations omitted). Plaintiff alleges in the FAC that the Subject Vehicle was "not fit for ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade," and Defendant Nissan and NB Nissan failed to repair the nonconformity or provide restitution. (Doc. 14 at 20).

In California, "[i]n order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation, and damages." *Conroy v. Regents of Univ. of California*, 45 Cal. 4th 1244, 1250 (2009). Plaintiff asserts that both Nissan and NB Nissan owed a duty of care to Plaintiff and failed to exercise reasonable care, which resulted in damages to Plaintiff. (Doc. 14 at 21-22).

Here, that Plaintiff can recover against Defendant Nissan does not preclude joinder of NB Nissan.  As the claims operate on the same or substantially similar set of facts, both claims pled against NB Nissan, for breach of merchantability and negligence, appear valid.  *See Reyes*, 2020 WL 7224286, at *8 (collecting cases and finding that "Plaintiff's possibility of recovery against defendant FCA does not preclude joinder of [auto service center].  Several California district courts have found that a dealership that sold or serviced the subject vehicle may be necessary for adjudication of a dispute where claims against both the manufacturer and dealership arise from the same transactions or occurrences.").

### F.    Prejudice to Plaintiff

"Prejudice exists if the proposed defendant is 'crucial' to the case.  Prejudice does not exist if complete relief can be afforded without that defendant." *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS (RAOX), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (citation and quotation omitted).

The Court finds that Plaintiff has facially legitimate claims against NB Nissan that arise out of the same set of facts as the claims against Defendant Nissan.  Plaintiff would be required to pursue two separate and substantially similar actions in two different forums if joinder were denied.  Thus, the Court finds that precluding joinder of NB Nissan would prejudice Plaintiff.  *See Bandit Indus., Inc.*, 2013 WL 1155523, at *4-5 (finding that preclusion of joinder would result in prejudice from "duplicative and redundant litigation" that would "result in a waste of judicial and the Plaintiffs' resources, as well as risk inconsistent results," and require plaintiff to either "abandon a viable claim … or to initiate a duplicative litigation in state court.  Thus, this factor favors granting Plaintiffs' Motion.").

Because the *IBC* factors weigh in favor of amendment, the undersigned will recommend Plaintiff's motion be granted.  As joinder would defeat diversity jurisdiction and remand is required if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. 1447(c)), the undersigned will recommend that this action be remanded to state court.

///

**Conclusion and Recommendation**

For the foregoing reasons, IT IS HEREBY RECOMMENDED:

1. Plaintiff's unopposed motion for leave to file a first amended complaint and to remand (Docs. 10, 11, 14) be GRANTED.

2. Plaintiff be DIRECTED to file the proposed first amended complaint (Doc. 14, Ex. A) as a standalone entry on the docket.

3. This action be REMANDED to state court following the filing of the proposed first amended complaint given that inclusion of newly added Defendant North Bakersfield Nissan, Inc., asserted to be a California citizen, deprives the Court of subject matter jurisdiction under 28 U.S.C. § 1332.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 7, 2026**                    _____
                                            UNITED STATES MAGISTRATE JUDGE